**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Romic Environmental Technologies, Inc., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Presvac Systems (Burlington), Ltd., a Canadian corporation; and Brant Corrosion Control, Inc., a Canadian corporation,<br><br>    Defendants.<br>_____<br>Presvac Systems (Burlington), Ltd., a Canadian corporation,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>Brant Corrosion Control, Inc., a Canadian corporation.<br><br>    Third-Party Defendant.<br>_____ | No. CV-06-1355-PHX-DGC<br><br>**ORDER** |

Pending before the Court is a motion to dismiss filed by Brant Corrosion Control, Inc. ("Brant") pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Dkt. #17. Brant moves to dismiss the third-party complaint filed by Presvac Systems (Burlington), Ltd.

("Presvac") on the ground that the Court lacks personal jurisdiction over Brant. Presvac has filed a response to the motion and Brant has filed a reply. Dkt. #23, 32. For the reasons set forth below, the Court will grant the motion.[1]

**I.   Background.**

Romic Environmental Technologies, Inc. ("Romic") is in the business of transporting hazardous waste materials. Romic contracted to purchase two 4500-gallon tanker trailers from Presvac. The parties' contract specified that the tanks would contain Kynar liners and that the trailers would be Department of Transportation ("DOT") 412 compliant. Brant contracted to design, manufacture, and install the liners for Presvac.

Romic commenced this action by filing a complaint against Presvac on May 19, 2006. Dkt. #1. The complaint alleges that the trailers are defective because they are not DOT 412 compliant and the liners were improperly designed and installed. *Id.* ¶¶ 27-28. The complaint asserts six claims against Presvac: breach of contract, negligent misrepresentation, breach of the implied warranty of merchantability and fitness for a particular purpose, breach of warranty, breach of the covenant of good faith and fair dealing, and breach of the United Nations Convention on Contracts for the International Sale of Goods. *Id.* ¶¶ 30-68.

Presvac answered the complaint and filed a third-party complaint against Brant. Dkt. ##5, 8. The third-party complaint alleges that Brant is liable to Presvac for any damages Presvac is required to pay to Romic. Dkt. #8. The third-party complaint asserts four claims against Brant: indemnity, contribution, breach of warranty, and breach of contract. *Id.* ¶¶ 23-36.

Romic filed an amended complaint on January 30, 2007. Dkt. #31. The amended complaint adds breach of warranty and negligence claims against Brant. *Id.* ¶¶ 71-85. Presvac has filed an answer to the amended complaint. Dkt. #35. The record does not indicate that Brant has been served with a summons and the amended complaint.

---

[1] The request for oral argument is denied because the parties have thoroughly discussed the law and evidence and oral argument will not aid the Court's decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

## II. Personal Jurisdiction Standard.

Because no applicable federal statute governing personal jurisdiction exists, Arizona's long-arm statute, Ariz. R. Civ. P. 4.2(a), applies to this diversity action. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559 (9th Cir. 1995). Rule 4.2(a) "provides for personal jurisdiction co-extensive with the limits of federal due process." *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997) (citing *Batton v. Tenn. Farmers Mut. Ins. Co.*, 736 P.2d 2, 4 (Ariz. 1987). Federal due process requires the defendants to have certain minimum contacts with the forum state so that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

## III. Does the Court Have Personal Jurisdiction over Brant?

### A. General Jurisdiction.

Brant has presented evidence that it has never entered into a contract with an Arizona company or resident, has never maintained an office or conducted business in Arizona, and has never sold or advertised its products in Arizona. Dkt. #17-2 ¶ 3. Presvac does not dispute this evidence. Brant's lack of substantial or continuous activities in Arizona precludes the exercise of general jurisdiction over Brant. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-19 (1984); *Doe*, 112 F.3d 1051.

### B. Specific Jurisdiction.

The Court may exercise specific jurisdiction over Brant only if (1) Brant purposefully availed itself of the privileges of conducting activities in Arizona, thereby invoking the benefits and protections of its laws, (2) Presvac's claims arise out of Brant's activities in Arizona, and (3) the exercise of jurisdiction over Brant is reasonable. *See Doe*, 112 F.3d 1051. At this stage of the litigation, Plaintiff need only demonstrate facts that if true would support specific jurisdiction over Brant. *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 268 (9th Cir. 1995).

#### 1. Purposeful Availment.

Presvac has presented evidence that Brant knew that Romic was a United States

1 corporation and that the trailers in question needed to comply with DOT 412. Dkt. #23, 2 Ex. A ¶ 2. Presvac also has presented evidence that Brant made repairs to one of the trailers 3 sold to Romic. *Id.* ¶ 6. Citing *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102 4 (1987), Presvac contends that this evidence shows that "Brant certainly has availed itself of 5 Arizona courts for purposes of all the claims[.]" Dkt. #23 at 5.

6 The Supreme Court made clear in *Asahi* that "a defendant's awareness that the stream 7 of commerce may or will sweep [its] product into the forum state does not convert the mere 8 act of placing the product into the stream into an act purposefully directed toward the forum 9 state." 480 U.S. at 112. Due process requires additional conduct indicating an intent or 10 purpose to serve the market in the forum state. *Id.* at 111-13. Examples of such conduct 11 include designing the product for the forum state's market, advertising in the forum state, 12 establishing channels for providing regular advice to the forum state's customers, or 13 marketing through a distributer who has agreed to serve as the sales agent in the forum state. 14 *Id.* at 112.

15 Presvac contends that Brant has engaged in the necessary "additional conduct" 16 because Brant knew that the tank liners "were required to meet United States specifications, 17 namely to be DOT 412 compliant." Dkt. #23 at 4. Under *Asahi*, however, "conduct directed 18 to the United States market in general is insufficient to satisfy due process requirements." 19 *Lum v. Mercedes Benz*, 433 F. Supp. 2d 853, 856 (N.D. Ohio 2006) (citing *Asahi*, 480 U.S. 20 at 112). Rather, the additional conduct "necessary for a finding of minimum contacts must 21 . . . *purposefully [be] directed toward the forum State.*" *Asahi*, 480 U.S. at 112 (emphasis 22 in original). Other cases are in accord. *See, e.g., Worldwide Volkswagen Corp. v. Woodson*, 23 444 U.S. 286, 297-98 (1980) (stating that a forum state does not violate due process by 24 asserting personal jurisdiction over a defendant that "delivers its products into the stream of 25 commerce *with the expectation that they will be purchased by consumers in the forum* 26 *[s]tate*.") (emphasis added); *Terracom*, 49 F.3d at 560-61 (holding that the defendant must 27 have actually known that its product would reach the forum state before the "stream of 28 commerce" theory will support the exercise of personal jurisdiction over the defendant).

- 4 -

1 Presvac has presented no evidence that Brant actually knew, let alone intended, that the liners
2 would be used in Arizona. The fact that the liners had to meet United States specifications
3 is not evidence that they purposefully were designed for the Arizona market, and the fact that
4 the liners were "capable of use in [Arizona] is far too attenuated a contact to justify [the
5 Court's] exercise of *in personam* jurisdiction over [Brant]." *Worldwide Volkswagen*, 444
6 U.S. at 299.

7 Presvac further contends that Brant should be subjected to this Court's jurisdiction
8 because Brant did business with an "Arizona based company" by making repairs to one of
9 the trailers owned by Romic. Dkt. #23 at 5-6, n.1. Romic, however, is a California
10 corporation with its principle place of business in California. Dkt. ##8 ¶ 2, 31 ¶ 1. In
11 addition, it is undisputed that Brant made the repairs to Romic's trailer in Canada. Dkt. #23
12 at 6 n.1. Brant did not purposefully avail itself of the privileges of conducting activities in
13 Arizona by performing repair work on a California corporation's trailer in Canada.

14 The United States Supreme Court emphasized long ago that "it is essential in each
15 case that there be some act by which the defendant purposefully avails itself of the privilege
16 of conducting activities within the forum [s]tate[.]" *Hanson v. Denckla*, 357 U.S. 235, 253
17 (1958) (citing *Int'l Shoe*, 326 U.S. at 319). In this Circuit, "[p]urposeful availment requires
18 that the defendant engage in some form of affirmative conduct allowing or promoting the
19 transaction of business within the forum state. This focus on the defendant's affirmative
20 conduct is designed to ensure that the defendant is not haled into court as the result of
21 random, fortuitous, or attenuated contacts.'" *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d
22 758, 760 (9th Cir. 1990).

23 Brant's contacts with Arizona were attenuated and not sufficient to have caused Brant
24 reasonably to anticipate being haled into court here. *See Worldwide Volkswagen*, 444 U.S.
25 at 297. The Court concludes that Plaintiff has failed to make a prima facie showing of
26 purposeful availment. This holding comports with personal jurisdiction cases in the Supreme
27 Court and the Ninth Circuit. *See id.* at 295-99 (finding no purposeful availment where the
28 plaintiff sought to base jurisdiction on one "isolated occurrence" in the forum state); *Asahi*,

1  480 U.S. at 108-13 (plaintiff failed to demonstrate that Asahi purposefully availed itself of
2  the California market in part because Asahi did not advertise its product in California or
3  design its product in anticipation of sales in California); *Gray*, 913 F.2d at 760-61
4  (defendants' contract negotiations with an Oregon company concerning the sale of goods
5  were "attenuated contacts" insufficient to establish purposeful availment of Oregon's laws);
6  *Omeluk*, 52 F.3d at 271 (defendant did not purposefully avail itself of the Washington market
7  where the defendant's product had not been marketed there and its presence there was not
8  part of the regular and anticipated flow of products from the defendant).

### 2. Reasonableness.

The Court also concludes that Presvac's effort to sue Brant in Arizona fails the reasonableness prong of the specific jurisdiction inquiry. This Circuit has identified seven factors to consider in making this determination: (1) the extent of purposeful interjection into the forum state, (2) the burden on the defendant of litigating in the forum state, (3) the extent of conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the dispute, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *See Core-Vent Corp. v. Nobel Indus.*, 11 F.3d 1482, 1487-88 (9th Cir. 1993).

#### a. Purposeful Interjection.

"This factor parallels the question of minimum contacts[.]" *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 852 (9th Cir. 1993). Because Brant's contacts with Arizona were insufficient to establish purposeful availment, this factor weighs heavily in Brant's favor. *See Core-Vent*, 11 F.3d at 1488.

#### b. Burden on Brant.

Brant is a Canadian corporation with its principle place of business in Ontario, Canada. Dkt. #8 ¶ 4. Presvac seeks "to submit its dispute with [Brant] to a foreign nation's judicial system." *Asahi*, 480 U.S. at 114. "'The unique burdens placed upon one who must defend oneself in a foreign legal system [has] significant weight in assessing the

reasonableness of stretching the long arm of personal jurisdiction over national borders.'" *Amoco Egypt*, 1 F.3d at 852 (quoting *Asahi*, 480 U.S. at 114). This factors also weighs heavily in Brant's favor.

### c. Conflict with the Sovereignty of Brant's State.

Because Brant "is from a foreign nation rather than another state, the sovereignty barrier is high and undermines the reasonableness of personal jurisdiction." *Amoco Egypt*, 1 F.3d at 852. "As the Supreme Court has noted, 'great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field.'" *Id.* (quoting *Asahi*, 480 U.S. at 115 (alteration and internal citations omitted)); *see Core-Vent*, 11 F.3d at 1489. This factor weighs heavily in favor of Brant.

### d. Arizona's Interest.

Arizona has little interest in adjudicating the contractual dispute between Presvac and Brant. Neither party is an Arizona resident, and the contract at issue was entered into in Canada. Dkt. ##8 ¶¶ 3-4, 17-2 ¶ 4(a). Moreover, Presvac's claims against Brant are of little concern to Arizona courts and residents because the claims primarily involve issues of indemnification and contribution. This factor weighs in favor of Brant. *See Asahi*, 480 U.S. at 114-15; *Amoco Egypt*, 1 F.3d at 852.

### e. Most Efficient Resolution.

"[T]his factor involves a comparison of alternative forums." *Amoco Egypt*, 1 F.3d at 852. The Court should look "primarily at where the evidence and witnesses are likely to be located." *Core-Vent*, 11 F.3d at 1489. Presvac's and Brant's witnesses and the repaired liner are likely to be located in Canada. Dkt. #17-2 ¶¶ 7-8. The most efficient resolution of Presvac's claims clearly points to Canada. *See Amoco Egypt*, 1 F.3d at 852. Moreover, assuming that Canadian law will apply to Presvac's claims, "the efficiency of proceeding in [Arizona] is further diminished." *Id.*

### f. Convenient and Effective Relief for Presvac.

The fact that the case against Presvac will continue in Arizona tips this factor in Presvac's favor. *See Core-Vent*, 11 F.3d at 1489.

### g. Existence of Alternative Forum.

Presvac acknowledges that it may bring its claims against Brant in Ontario, Canada. Dkt. #23 at 9. "'Doubtless, it would prefer not to, but that is not the test.'" *Core-Vent*, 11 F.3d at 1490 (citation and alteration omitted). This factor favors Brant.

### h. Balancing the Factors.

The foregoing factors demonstrate that the exercise of jurisdiction in Arizona would be unreasonable. *See Amoco Egypt*, 1 F.3d at 853.

## III. Conclusion.

Presvac has not shown that the Court may exercise of personal jurisdiction over Brant. The Court will dismiss Presvac's third-party complaint for lack of personal jurisdiction. Given this ruling, the Court need not address Brant's alternative argument that Presvac's claims should be dismissed on the basis of *forum non conveniens*.

**IT IS ORDERED:**

1. Third-Party Defendant Brant Corrosion Control, Inc.'s motion to dismiss (Dkt. #17) is **granted**.

2. Third-Party Plaintiff Presvac Systems (Burlington), Ltd.'s third-party complaint (Dkt. #8) is **dismissed**.

DATED this 20th day of February, 2007.

David G. Campbell
United States District Judge